1
2
3
4

MORGAN, LEWIS & BOCKIUS LLP
Nathan J. Hochman, Bar No. 139137
nathan.hochman@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Tel:    +1.310.255.9025
Fax:    +1.310.907.2000

5
6

Attorney for Defendants
GEOFFERY OWEN CASSIDY and
ASIA AVIATION HOLDINGS PTE. LTD.

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

12
13

JAMES N.H. SEAGRIM, STEPHEN
MATTHEW WALTER, ZETTA JET PTE.
LTD., and ZETTA JET USA, INC.,

14

Plaintiffs,

15

vs.

16
17

GEOFFERY OWEN CASSIDY, MIRANDA
JUNE TANG (a/k/a JUNE TANG KIM
CHOO), and ASIA AVIATION HOLDINGS
PTE. LTD.,

18

Defendants.

19

20

21

22

23

24

25

CASE NO. 2:17-CV-6648 (JAK)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MORGAN, LEWIS & BOCKIUS
LLP'S MOTION FOR LEAVE TO
WITHDRAW AS COUNSEL FOR
DEFENDANTS GEOFFERY OWEN
CASSIDY AND ASIA AVIATION
HOLDINGS PTE. LTD.**

**[L.R. 83-2.3.2]**

[Notice of Motion and Motion;
Declaration of Nathan J. Hochman; and
[Proposed] Order *filed concurrently
herewith*]

Date: March 18, 2019 (**January 28, 2019
requested in accompanying *ex parte*
application**)
Time: 8:30 a.m.
Courtroom: 10B

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO
WITHDRAW AS COUNSEL

1

## I.    **INTRODUCTION**

Pursuant to Local Rule 83-2.3.2, Morgan, Lewis & Bockius LLP ("Morgan Lewis") respectfully submits this memorandum of points and authorities in support of its motion for leave to withdraw as counsel of record for defendants Geoffery Owen Cassidy and Asia Aviation Holdings PTE. Ltd. ("Asia Aviation") (collectively, "Defendants") in the above-captioned action. This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 11, 2018 with counsel for plaintiffs Zetta Jet PTE. Ltd. and Zetta Jet USA, Inc. (collectively, "Zetta Jet").[1]  Zetta Jet does not oppose this motion.

Withdrawal of counsel is appropriate under the circumstances. First, as set forth in the accompanying Declaration of Nathan J. Hochman ("Hochman Decl."), there is good cause for the Court to grant the motion due to the breakdown in communications between Morgan Lewis and Mr. Cassidy and Defendants' failure to pay agreed compensation. Second, Zetta Jet's counsel indicated that Zetta Jet does not oppose this Motion, reflecting that granting this Motion will not prejudice Zetta Jet in its pursuit of this action. Third, Morgan Lewis's withdrawal will not affect the administration of justice. Morgan Lewis provided Mr. Cassidy with notice of its intent to withdraw on numerous occasions, including providing notice pursuant to Local Rule 83-2.3.4 of the potential consequences of Asia Aviation's inability to appear *pro se* should it be brought back into this action. Finally, Morgan Lewis's withdrawal will not delay the resolution of this action. Although certain upcoming deadlines may need to be briefly continued pending the resolution of this Motion (in particular, the deadline for the parties to complete mediation), no date has been set for the final pretrial conference or trial, and Mr. Cassidy will have sufficient time to obtain new counsel or proceed *pro se* before any key pretrial deadlines.[2]

---

[1] Local Rule 7-3 requires that the parties conference seven days prior to the filing of a motion; however, Zetta Jet's counsel indicated that it was not opposed to Morgan Lewis filing this Motion on January 14, 2019, and the parties did not require additional time to confer since the Motion is unopposed.

[2] Morgan Lewis is concurrently filing an *ex parte* application to have this Motion heard on January 28, 2019, prior to the Court's earliest available hearing date (March 18, 2019), to avoid any unnecessary delay resulting from the resolution of this Motion.

Morgan Lewis therefore respectfully requests that the Court grant its motion for leave to withdraw as counsel for Defendants.

## II.   ARGUMENT

### A.   Legal Standard

Local Rule 83-2.3.2 provides:

> An attorney may not withdraw as counsel except by leave of court.  A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause.  Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

In ruling on a motion to withdraw as counsel, district courts generally consider "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

As set forth below, each of these considerations weighs in favor of permitting Morgan Lewis to withdraw as counsel for Defendants.

#### 1.   There Is Good Cause for Morgan Lewis's Withdrawal

"District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances," and "often look to the ABA Model Rules of Professional Responsibility, as well as the state's Professional Responsibility Rules for guidance . . . ." *Garnica v. Fremont Inv. & Loan*, No. SA CV 12-1366-DOC (MLGx), 2012 WL 5830078, at *1 (C.D. Cal. Nov. 14, 2012).

Rule 1.16 of the California Rules of Professional Conduct (effective November 1, 2018, formerly Rule 3-700) applies to a request by a member of the California Bar to withdraw as counsel in a pending action.  It provides that an attorney may withdraw if the client engages in conduct that "renders it unreasonably difficult for the lawyer to carry out the representation effectively," or if "the client breaches a material term of an agreement with, or obligation, to

1   the lawyer relating to the representation, and the lawyer has given the client a reasonable

2   warning after the breach that the lawyer will withdraw unless the client fulfills the agreement

3   or performs the obligation." Cal. Rules of Prof. Conduct, Rule 1.16(b)(4), (5).

4       Here, Mr. Cassidy has both neglected to pay agreed compensation and ceased all

5   communications with Morgan Lewis.  Mr. Cassidy has had an outstanding invoice from

6   Morgan Lewis since June 2018.  Hochman Decl. ¶ 3.  Morgan Lewis provided notice to Mr.

7   Cassidy on September 24, 2018; October 23, 2018; October 26, 2018; October 30, 2018;

8   November 6, 2018; November 12, 2018; November 26, 2018; December 12, 2018; and

9   December 17, 2018 that it would cease representation if it did not receive payment. *Id.*  On

10  December 27, 2018, Morgan Lewis wrote to Mr. Cassidy regarding its intent to withdraw as

11  counsel, and asked Mr. Cassidy if he intended to substitute in other counsel or appear *pro se*.

12  *Id.* ¶ 5.  It also reminded Mr. Cassidy that Asia Aviation's dismissal from this matter was

13  without prejudice, and informed him of the potential consequences of Asia Aviation failing to

14  obtain representation if it is brought back into the case. *Id.*  After it did not receive a response,

15  it followed up again on January 2, 2019. *Id.*  As of the date of filing of this Motion, Morgan

16  Lewis has yet to receive a response from Mr. Cassidy.  Moreover, Mr. Cassidy has not

17  responded to any telephone calls or email communications from Nathan Hochman, the Morgan

18  Lewis attorney responsible for this matter, since December 6, 2018. *Id.* ¶ 4.

19      Based on the foregoing, there is good cause for the Court to grant the motion. *See, e.g.*,

20  *Stewart*, 2013 WL 3168269, at *2 (granting motion to withdraw where client failed to pay

21  outstanding balance for his legal representation and it was unlikely he would rectify the

22  situation in the future); *China Cent. Television v. Create New Tech. HK Ltd.*, No. CV 15-01869

23  MMM (AJWx), 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015) ("A breakdown in

24  communications between client and attorney constitutes good cause for withdrawal."); *Lehman*

25  *Bros. Holdings, Inc. v. PMC Bancorp*, No. LA CV10-07207 JAK (PJWx), 2017 WL 4071384,

26  at *2 (C.D. Cal. July 26, 2017) ("When there is a complete breakdown in the attorney-client

27  relationship, a request to withdraw is commonly granted.").

28

**2.      Morgan Lewis's Withdrawal Will Not Prejudice the Other Litigants**

Morgan Lewis's withdrawal will not prejudice the other litigants.  Indeed, the only remaining plaintiffs in this matter, Zetta Jet, do not oppose this motion.  Hochman Decl. ¶ 6.

**3.      Morgan Lewis's Withdrawal Will Not Harm the Administration of Justice**

Morgan Lewis's withdrawal will not harm the administration of justice.  Mr. Cassidy may either proceed *pro se*, or he will have sufficient time before trial to obtain new counsel.  Moreover, Asia Aviation has been dismissed from the case without prejudice.  *See* Dkt. No. 56.  Morgan Lewis's withdrawal will therefore not create any immediate issues of an entity being unrepresented.  And in compliance with Local Rule 83-2.3.4, Morgan Lewis provided Mr. Cassidy with notice of the consequences of Asia Aviation's inability to appear *pro se* should it be brought back into the matter, giving Asia Aviation more than sufficient time to obtain counsel should Zetta Jet seek reconsideration of the motion to dismiss.

**4.      Morgan Lewis's Withdrawal Will Not Delay Resolution of the Case**

Morgan Lewis's withdrawal will not delay resolution of the case.  As the parties discussed in their Rule 7-3 conference (*see* Hochman Decl. ¶ 6), certain deadlines may need to be adjusted slightly due to Morgan Lewis's withdrawal.  In particular, the parties are required to mediate by January 31, 2018, and intend to request Court approval to delay this deadline pending the resolution of this Motion.[3]  However, no trial date has been set in this action.  Morgan Lewis's withdrawal will therefore not result in any delay of trial or of the final resolution of this case.

///
///
///
///
///
///

---

[3] The parties will file a stipulation to this effect once it is determined when the Court is able to hear this Motion.

III.     **CONCLUSION**

Based on the foregoing, Morgan Lewis respectfully requests that the Court grant its motion for leave to withdraw as counsel for Defendants.

Dated: January 14, 2019

Nathan J. Hochman
MORGAN, LEWIS & BOCKIUS LLP

By     /s/  Nathan J. Hochman
Nathan J. Hochman
Attorney for Defendants Geoffery O. Cassidy and Asia Aviation Holdings PTE. Ltd.