Joel M. Athey (Bar No. CA-214399)
joel.athey@dlapiper.com
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2400
Los Angeles, California 90071-2618
Tel: 213.330.7700   Fax: 213.330.7701

Attorneys for Plaintiffs ZETTA JET PTE. LTD., and ZETTA JET USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES N.H. SEAGRIM, STEPHEN MATTHEW WALTER, ZETTA JET PTE. LTD., and ZETTA JET USA, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>GEOFFERY OWEN CASSIDY, MIRANDA JUNE TANG (a/k/a JUNE TANG KIM CHOO), and ASIA AVIATION HOLDINGS PTE. LTD.,<br><br>Defendants. | CASE NO. 2:17-CV-6648 (JAK)<br><br>The Honorable John A. Kronstadt<br><br>**DECLARATION OF JOEL M. ATHEY IN SUPPORT OF PLAINTIFFS' MOTION UNDER RULE 37 FOR AN ORDER: (1) DEEMING ALL DISCOVERY PROPOUNDED ON DEFENDANT GEOFFERY OWEN CASSIDY BE ADMITTED AGAINST HIM; (2) STRIKING DEFENDANT'S ANSWER; (3) DIRECTING THE CLERK TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT; AND (4) DIRECTING PLAINTIFFS TO FILE A MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55**<br><br>Date: November 4, 2019<br>Time: 8:30 A.M.<br>Courtroom: 10B |

# DECLARATION OF JOEL M. ATHEY

I, Joel M. Athey, declare as follows:

1. I am an attorney authorized to practice before the courts of the State of California, and am admitted to practice before this Court. I am a partner at the law firm DLA Piper LLP (US), counsel for non-party Jonathan D. King, solely in his capacity as the chapter 7 trustee (the "Trustee") in the jointly administered bankruptcy cases of Zetta Jet USA, Inc. ("Zetta USA") and Zetta Jet PTE, Ltd. ("Zetta PTE", and together with Zetta USA, "Zetta Entities" or "Zetta"), currently pending before the United States Bankruptcy Court for the Central District of California – Los Angeles Division. Also in this capacity, I represent the Zetta Entities in the above-titled matter pending before this Court.

2. I submit this declaration in support of Plaintiffs' Motion Under Federal Rule of Civil Procedure 37 for an Order: (1) Deeming All Discovery Propounded on Defendant Geoffery Owen Cassidy Be Admitted Against Him; (2) Striking Defendant's Answer; (3) Directing the Clerk to Enter a Default Judgment Against Defendant; and (4) Directing Plaintiffs to File a Motion for Entry of Default Judgment Pursuant to Rule 55. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. In early-December 2018, the parties exchanged Rule 26(a)(1) reports, but Cassidy's prior counsel did not respond to our requests to exchange documents pursuant to Rule 26(a)(1). To date, Plaintiffs have still not received Cassidy's initial disclosure documents, or any other documents from Cassidy.

4. Pursuant to the Court's February 20, 2019 order, on behalf of Plaintiffs, I sent correspondence to Cassidy by email on February 20, 2019, and on February 22, 2019. Attached hereto as Exhibits A and B are true and correct copies of the February 20 and February 22 emails, respectively.

5. Pursuant to this Court's February 20, 2019 order, in the February 20 and 22, 2019 correspondence, I informed Cassidy of the requirements under the

order that the parties meet and confer about dates for a mediation, a settlement report, and a post-mediation status conference. I also sought to meet and confer about stipulating to modify various pre-trial dates set in the Court's Minute Order re: scheduling.

6. On February 25, 2019, Defendant sent me an email, in which he indicated that: (i) a bankruptcy proceeding was initiated against him by his creditors in Singapore; (ii) he did not know "what [his] position is or what [he is] able to do for the California suit, until [he has] a chance to speak to the Official Assignee of [his] estate"; and (iii) offered to meet in Singapore to discuss options and how to mediate the present lawsuit. Attached hereto as Exhibit C is a true and correct copy of Cassidy's February 25, 2019 email.

7. On March 1, 2019, I responded to Cassidy and (i) requested that he inform me about his intentions to proceed with this litigation after speaking with the Official Assignee of his estate; (ii) suggested an in-person meeting in Singapore in mid-April 2019; and (iii) proposed informing the Court that the parties stipulate to modify the current pre-trial dates according to a suggested schedule. Attached hereto as Exhibit D is a true and correct copy of my March 1, 2019 email.

8. On March 5, 2019, Defendant responded by email indicating that he agreed to: (i) meet with Jonathan King as the Chapter 7 Trustee for Plaintiffs and John Lyons, counsel for the Trustee, on April 18, 2019, in Singapore to discuss the above-captioned litigation; and (ii) modify the discovery and other pre-trial dates as proposed by Plaintiff. Attached hereto as Exhibit E is a true and correct copy of Defendant's March 5, 2019 email.

9. On April 18, 2019, the Trustee and my partner John Lyons as counsel for the Trustee, met with Defendant in Singapore to discuss the litigation and a potential settlement. During this meeting, Defendant initially indicated that he would provide cooperation and documents as part of an overall settlement framework that the parties discussed.

10. On May 30, 2019, Plaintiffs' counsel served written discovery on Defendant Geoffery Owen Cassidy, including: (i) Interrogatories (Set One) pursuant to Rule 33; (ii) Requests for Production of Documents (Set One) pursuant to Rule 34, and (iii) Requests for Admission (Set One) pursuant to Rule 36.

11. Defendant has not responded to the Interrogatories (Set One) or Requests for Admission (Set One) by the date required pursuant to Rules 33 and 36.

12. On May 30, 2019, Defendant sent an email promising to provide documents and requested guidance on how to do so. Attached hereto as Exhibit F is a true and correct copy of Defendant's May 30, 2019 email.

13. On June 21, 2019, John Lyons and I participated in a phone call with Defendant. During the call, Defendant assured us that he was willing to provide documents, if only he knew where and how to do so. I explained that Defendant could mail or email the documents in whatever format was available, or simply drop them off at DLA Piper's Singapore office.

14. On June 24, 2019, I sent an email to Defendant, as a follow up to our June 21, 2019 call, and explained with precision how he could deliver documents. Attached hereto as Exhibit G is a true and correct copy of this June 24, 2019 email correspondence.

15. On July 1, 2019, I sent a follow-up email to Defendant regarding his promise to provide documents, which had not been delivered. I also reminded Defendant about the July 1, 2019 report ordered by the Court as to the status of settlement negotiations and offered to include a statement on his behalf. I also informed Defendant that his responses to Plaintiffs' written discovery were past due, and that since he had not responded, Plaintiffs would either move to compel responses with the Court or seek other appropriate relief. Defendant responded that as a "Bankrupt in Singapore," he believed a "worldwide stay" applied and therefore he could not really do anything. With respect to the legal claims against him, Defendant stated that he is "a bankrupt so its [sic] really not my problem anymore."

Attached hereto as Exhibit H is a true and correct copy of this July 1, 2019 email correspondence.

16. As of the date of this declaration, Defendant still has not produced a single document or provided any responses to any written discovery.

17. Pursuant to the Court's July 14, 2019 order, and to Local Rule 7-3, on July 27, 2019, I emailed Defendant Cassidy that, pursuant to the July 14, 2019 order, Plaintiffs would be filing a motion under Rule 37 seeking an order: (i) that all discovery propounded on Cassidy be deemed admitted against him; (ii) striking Cassidy's Answer; and (iii) entering a default judgment against Cassidy in an amount to be proven in a subsequent filing. I also requested a meet and confer for July 29, 2019. Attached hereto as Exhibit I is a true and correct copy of this July 27, 2019 email correspondence.

18. On July 28, 2019, Defendant responded that his "position remains the same" and that while he remained "fully ready to share the documents with [Plaintiffs' counsel]" that due to the Singapore court order, he would not provide anything. Defendant reiterated that as an "unemployed bankrupt in Singapore" that there was not much he could do. Attached hereto as Exhibit J is a true and correct copy of this July 28, 2019 email correspondence.

19. Defendant's ongoing failure to produce documents or otherwise provide any responses to Plaintiffs' written discovery has resulted in Plaintiffs incurring additional fees and costs in time and futile efforts to communicate, follow-up, and confer with Defendant regarding all of the deficiencies. Plaintiffs' counsel has already flown to Singapore to attempt to reach a settlement with Defendant to no avail. Plaintiffs' counsel has also participated in numerous meet and confer efforts by phone and by email and has accommodated Defendant as much as possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 5, 2019, at Los Angeles, California.

1
2   EAST/168282988
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ *Joel M. Athey*
Joel M. Athey