UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | | Date | February 18, 2020 |
|---|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37, FOR AN ORDER: (1) DEEMING ALL DISCOVERY PROPOUNDED ON DEFENDANT GEOFFERY OWEN CASSIDY BE ADMITTED AGAINST HIM; (2) STRIKING DEFENDANT'S ANSWER; (3) DIRECTING THE CLERK TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT; AND (4) DIRECTING PLAINTIFFS TO FILE A MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55 (DKT. 99)

**I.    Introduction**

James N.H. Seagrim ("Seagrim"), Stephen M. Walter ("Walter"), Zetta Jet Pte. Ltd. ("Zetta PTE") and Zetta Jet USA, Inc. ("Zetta USA") brought this action against Geoffrey O. Cassidy ("Cassidy"), Miranda J. Tang ("Tang"), and Asia Aviation Holdings Pte. Ltd. ("Asia Aviation"). The Complaint advances nine causes of action: (i) Racketeer Influenced and Corrupt Organized Act violations; (ii) intentional misrepresentations or fraud; (iii) concealment; (iv) false promises; (v) conversion; (vi) breaches of fiduciary duty; (vii) abuses of control; (viii) corporate waste; and (ix) unjust enrichment. Dkt. 1.

On November 5, 2018, Plaintiffs Seagrim and Walter withdrew as parties. Dkt. 62. Defendants Tang and Asia Aviation were dismissed on November 22, 2017 and August 2, 2018, respectively. Dkts. 19, 56. Therefore, the current Plaintiffs are Zetta PTE and Zetta USA, and the only remaining Defendant is Cassidy. On February 13, 2019, counsel for Cassidy withdrew from the case and Cassidy proceeded as a self-represented litigant. Dkts. 66, 77.

In response to a status report as to whether Cassidy had complied with his discovery obligations, Plaintiffs were instructed to file an "appropriate motion seeking substantive relief in light of Defendant Cassidy's alleged failure" to do so. Dkt. 98.

On August 5, 2019, Plaintiffs filed a motion (the "Motion") requesting the following relief: (i) any discovery presented to Cassidy to which he has not responded, result in corresponding admissions by him as to the issues presented in those requests; (ii) striking Cassidy's answer to the Complaint; (iii) the entry of a default judgment against Cassidy under Fed. R. Civ. P. 37;and (iv) permitting Plaintiffs to file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | | Date | February 18, 2020 |
|---|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | | |

a corresponding motion for default judgment under Fed. R. Civ. P. 55. Dkt. 99. On September 6, 2019, Motion was taken under submission without a hearing. Dkt. 103.

For the reasons stated in this Order, a decision on the Motion is **DEFERRED**, pending the submission of the information that, pursuant to this Order, Plaintiff is directed to provide.

**II.**     **Factual and Procedural Background**

   A.   Factual Background

The Order Re Defendants Geoffery O. Cassidy And Asia Aviation Holdings Pte. Ltd.'s Motion To Dismiss Due To Lack Of Jurisdiction, Forum Non Conveniens, and Lack Of Standing includes a description of the parties to this action and the allegations in the Complaint. Dkt. 23 at 2-3. That information is incorporated by this reference.

   B.   Procedural Background

On March 5, 2018, a scheduling order issued that set pretrial deadlines pursuant to Fed. R. Civ. P. 16(b)/26(f). Dkt. 45. Plaintiffs' counsel states that in "early-December 2018, the parties exchanged Rule 26(a)(1) reports, but Cassidy's prior counsel did not respond to our requests to exchange documents pursuant to Rule 26(a)(1)." Dkt. 99-2 ¶ 3. In support of the Motion, Plaintiff contends that "Defendant's prior counsel also promised documents pursuant to Rule 26(a)(1) as far back as early-December 2018." Dkt. 99-1 at 18; Dkt. 99-2 ¶ 16.

On January 14, 2019, Cassidy's prior attorneys filed a motion to withdraw as counsel. Dkt. 66. Those attorneys were then required to inform Cassidy that, "as a self-represented litigant, he would be required to comply with all applicable rules and procedures, and that a failure to do so could lead to adverse rulings, sanctions, the striking of his answer and the entry of his default." Dkt. 72 at 2. Cassidy's prior counsel provided such notice. Dkt. 77 at 2 (citing Dkt. 74). On February 13, 2019, this motion to withdraw was granted. Dkt. 77. Since that time, Cassidy has proceeded as a self-represented party. The order granting the motion to withdraw instructed Cassidy that, as a self-represented litigant, he "is required to comply with all applicable rules and procedures, and a failure to do so could lead to adverse rulings, sanctions, the striking of his answer and the entry of his default." *Id.* at 2.

On March 8, 2019, an order issued that modified certain pretrial deadlines. Dkt. 89. That order stated that the "parties shall meet in Singapore on or about April 18, 2019, to discuss Cassidy's continued involvement in this action and a potential settlement," set a date for the parties to file a joint report as to the outcome of such a meeting and amended certain pretrial deadlines. *See id.* at 2.

On April 30, 2019, Plaintiffs filed a report about the April 18, 2019 meeting. Dkt. 91. Plaintiffs' Chapter 7 Trustee Jonathan King, his counsel, and Cassidy met in person in Singapore for "approximately two hours." *Id.* at 2. This led to "the framework for a potential pathway" to resolve the action. Plaintiffs' counsel also reportedly sent a written proposal to Cassidy regarding a resolution that, if accepted, would lead to the exchange of documents and information and another meeting in Singapore. *Id.* Plaintiffs stated that Plaintiff informed Plaintiffs that "he may elect not to participate further in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06648 JAK (GJSx) | Date | February 18, 2020 |
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

litigation if a resolution cannot be reached." *Id.* at 2-3.

On May 30, 2019, Plaintiffs' counsel served written discovery on Cassidy. It included the following: "(i) Interrogatories (Set One) pursuant to Rule 33; (ii) Requests for Production of Documents (Set One) pursuant to Rule 34; and (iii) Requests for Admission (Set One) pursuant to Rule 36." Dkt. 99-2 ¶ 10. Cassidy acknowledged receiving a "complicated legal document" and inquired as to the format in which documents could be produced. Dkt. 99-3 at 22.

On June 21, 2019, Plaintiffs' counsel and Cassidy conferred telephonically. Cassidy again "assured [Plaintiffs] that he was willing to provide documents, if only he knew where and how to do so." Dkt. 99-2 ¶ 13. On June 24, 2019, Plaintiffs' counsel provided instructions to Cassidy on how to deliver documents. *Id.* ¶ 14. On July 1, 2019, Plaintiffs' counsel again emailed Cassidy regarding the documents, informed him that discovery was past due, and stated that Plaintiffs would either move to compel responses or seek other relief. *Id.* ¶ 15. Cassidy responded that he believed a "worldwide stay is in effect for all civil matters relating to me personally" because of a bankruptcy proceeding in Singapore, requested that Plaintiffs' counsel "inform the court accordingly or "advise me how to inform the court," and stated that "[a]s a Bankrupt I am informed that I cannot really do anything so my hands are tied." Dkt. 99-3 at 31.

On July 27, 2019, Plaintiffs' counsel informed Cassidy that Plaintiffs would file a motion under Fed. R. Civ. P. 37 for sanctions. Dkt. 99-2 ¶ 17. In response, Cassidy reiterated his positions that he would not provide any documents due to the purported bankruptcy stay. *Id.* ¶ 18. As of August 5, 2019, Cassidy has "not produced a single document or provided any responses to any written discovery." *Id.* ¶ 16.

**III.   Analysis**

   A.   Legal Standards

Fed. R. Civ. P. 37 permits sanctions to be imposed against a party for failing to make certain necessary disclosures in discovery, cooperate in discovery or comply with court orders. Fed. Civ. P. 37(b) permits sanctions to be imposed if "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." "The definition of 'order' in Rule 37(b) has been read broadly." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). "Violations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C)." *Id.* (quoting *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir. 1998)). "But Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse." *Unigard*, 982 F.2d at 368.

Fed. R. Civ. P. 37(d) provides for different remedies. It authorizes the imposition of sanctions identified by Fed. R. Civ. P. 37(b)(2)(a) for failure to serve answers, objections, or written responses to interrogatories under Rule 33 or requests for documents under Rule 34. In addition, Fed. R. Civ. P. 37(d)(1)(B) requires that "a motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06648 JAK (GJSx) | Date | February 18, 2020 |
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

act in an effort to obtain the answer or response without court action."

If sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) are imposed, then Fed. R. Civ. P. 37(b)(2)(C) requires that "[i]nstead of or in addition to the [sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In addition to authority under Fed. R. Civ. P. 37, "[c]ourts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard*, 982 F.2d at 368.

"Sanction orders taking the plaintiff's allegations as established and awarding judgment on that basis are 'the most severe penalty,' and are authorized only in 'extreme circumstances.'" *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603, 603 n.5 (9th Cir. 1988)). "To justify the imposition of such a harsh sanction, the district court must find that the violations were 'due to willfulness, bad faith, or fault of the party.'" *Noble Metals*, 67 F.3d at 771 (quoting *Kahaluu Constr.*, 857 F.2d at 603). "A court must consider the following five factors before striking a pleading or declaring default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Dreith*, 648 F.3d at 788). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

    B.    Application

Plaintiff did not file a motion to compel with respect to the discovery served on Cassidy on May 30, 2019. Thus, no order has issued as to those requests or any failure to respond to them. The Motion is brought pursuant to Fed. R. Civ. P. 37(b)(2)(A). Dkt. 99 at 2. As explained above, Fed. R. Civ. P. 37(b)(2)(A) applies to failures to obey court orders in relation to discovery. By contrast, Fed. R. Civ. P. 37(d)(1) addresses failures to serve answers, objections, or written responses to interrogatories under Rule 33 or requests under Rule 34. Fed. R. Civ. P. 37(d)(3) authorizes the imposition of sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) for failures to comply under Fed. R. Civ. P. 37(d)(1).

Based on a consideration of the matters presented by the Motion and the absence of a showing that Cassidy has not complied with court-ordered discovery obligations, a decision as to the merits of the Motion is **DEFERRED**; provided, however, that a determination on the Motion shall be made following the deadlines set in this Order.

On or before March 18, 2020, Cassidy shall provide to and serve on Plaintiffs his answers, objections and/or responses to the "Interrogatories (Set One) pursuant to Rule 33" and "Requests for Production of Documents (Set One) pursuant to Rule 34" as required by Fed. R. Civ. P. 33 and 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06648 JAK (GJSx) | Date | February 18, 2020 |
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

On or before March 4, 2020, Plaintiffs shall file on the docket a copy of the discovery served on Cassidy on May 30, 2019, including (i) Interrogatories (Set One) pursuant to Rule 33; (ii) Requests for Production of Documents (Set One) pursuant to Rule 34, and (iii) Requests for Admission (Set One) pursuant to Rule 36.

On or before March 4, 2020, Plaintiffs' counsel shall file a certification as required by Fed. R. Civ. P. 37(d)(1)(B) if Plaintiffs intend to rely on failures to respond to answer or respond to discovery in support of the Motion.

On or before March 4, 2020, Plaintiffs' counsel shall file a declaration identifying the reasonable attorneys' fees and costs incurred from May 30, 2019, through August 5, 2019, in efforts to secure Cassidy's compliance with the discovery requests served on May 30, 2019, and in efforts to prepare and file the Motion (Dkt. 99), unless Plaintiffs concede that payment of reasonable expenses and attorneys' fees under Fed. R. Civ. P. 37(b)(2)(C) would not be substantially justified or such an award would be unjust in the event that sanctions are imposed. Such a declaration, if any is filed, shall include "two summaries, in table form, of the hours worked by and billing rate of each attorney with title" and comply with the other requirements described in the Standing Order. Standing Order at 18.[1]

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DEFERRED**; provided, however, a ruling on the Motion shall be made following the filing of the information as stated in this Order.

Failure by Cassidy to comply with the requirements of this Order or other rules, procedures and obligations in the future will be considered along with Cassidy's existing failure to comply with discovery obligations in this action. Such a consideration will be part of the determination of what sanction, if any, is appropriate in response to such conduct. The available remedies include: (i) deeming the matters within the discovery requests propounded upon Cassidy by Plaintiffs as admitted in favor of Plaintiffs; (ii) barring Cassidy from supporting or opposing certain claims or defenses or from introducing certain matters into evidence as this matter proceeds, including at any trial; (iii) striking Cassidy's answer in

---

[1] The Civil Case Standing Order is available at the following address: http://www.cacd.uscourts.gov/honorable-john-kronstadt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

whole or part, with a corresponding default entered; (iv) granting a motion for default judgment against Cassidy; and/or (v) awarding reasonable attorneys' fees and costs to Plaintiffs'. *See* Fed. R. Civ. P. 37(b); (d).

**IT IS SO ORDERED.**

                                                                                                                                          : 

Initials of Preparer     cw