UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06648 JAK (GJSx) | Date | January 8, 2021 |
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37, FOR AN ORDER: (1) DEEMING ALL DISCOVERY PROPOUNDED ON DEFENDANT GEOFFERY OWEN CASSIDY BE ADMITTED AGAINST HIM; (2) STRIKING DEFENDANT'S ANSWER; (3) DIRECTING THE CLERK TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT; AND (4) DIRECTING PLAINTIFFS TO FILE A MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55 (DKT. 99)**

**I.   Introduction**

On August 5, 2019, Plaintiffs filed a motion (the "Motion") requesting an order that: (i) provides any discovery presented to Defendant Geoffery Owen Cassidy ("Cassidy" or "Defendant") to which he has not responded shall result in corresponding admissions by him as to the issues presented in those requests; (ii) strikes Cassidy's answer to the Complaint; (iii) directs the entry of a default judgment against Cassidy under Fed. R. Civ. P. 37; and (iv) permits Plaintiffs to file a corresponding motion for default judgment under Fed. R. Civ. P. 55. Dkt. 99. On September 6, 2019, the Motion was taken under submission without a hearing. Dkt. 103.

On February 18, 2020, the Motion was deferred and deadlines were set for Plaintiffs and Cassidy to file certain documents relevant to the Motion (the "Deferral Order"). *See* Dkt. 104 at 4-5. On March 4, 2020, Plaintiffs filed their Rule 37(d)(1)(B) certification (the "Certification"). Dkt. 107. On May 11, 2020, Plaintiffs filed a Notice of Compliance (the "Notice"). Dkt. 108.

For the reasons stated in this Order, the Motion is **GRANTED-IN-PART**.

**II.   Background**

     A.   Prior Order

The Deferral Order includes a discussion of the factual and procedural background of this action. It is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | Date | January 8, 2021 |
|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

incorporated by reference here. The Deferral Order set deadlines for the filing of relevant documents. *First*, on or before March 18, 2020, Cassidy was required to "provide to and serve on Plaintiff his answers, objections and/or responses to the "Interrogatories (Set One) pursuant to Rule 33" and "Requests for Production of Documents (Set One) pursuant to Rule 34" as required by Fed. R. Civ. P. 33 and 34." Dkt. 104 at 4.

*Second*, on or before March 4, 2020, Plaintiffs were required to "file on the docket a copy of the discovery served on Cassidy on May 30, 2019, including (i) Interrogatories (Set One) pursuant to Rule 33; (ii) Requests for Production of Documents (Set One) pursuant to Rule 34, and (iii) Requests for Admission (Set One) pursuant to Rule 36." Dkt. 104 at 5.

*Third*, on or before March 4, 2020, Plaintiffs were required to "file a certification as required by Fed. R. Civ. P. 37(d)(1)(B) if Plaintiffs intend to rely on failures to respond to answer or respond to discovery in support of the Motion." Dkt. 104 at 5.

*Fourth*, on or before March 4, 2020, Plaintiffs were required to "file a declaration identifying the reasonable attorneys' fees and costs incurred from May 30, 2019, through August 5, 2019, in efforts to secure Cassidy's compliance with the discovery requests served on May 30, 2019, and in efforts to prepare and file the Motion (Dkt. 99), unless Plaintiffs concede that payment of reasonable expenses and attorneys' fees under Fed. R. Civ. P. 37(b)(2)(C) would not be substantially justified or such an award would be unjust in the event that sanctions are imposed."

The Prior Order concluded with the following cautionary admonition about the consequences of a failure to comply with its terms:

> Failure by Cassidy to comply with the requirements of this Order or other rules, procedures and obligations in the future will be considered along with Cassidy's existing failure to comply with discovery obligations in this action. Such a consideration will be part of the determination of what sanction, if any, is appropriate in response to such conduct. The available remedies include: (i) deeming the matters within the discovery requests propounded upon Cassidy by Plaintiffs as admitted in favor of Plaintiffs; (ii) barring Cassidy from supporting or opposing certain claims or defenses or from introducing certain matters into evidence as this matter proceeds, including at any trial; (iii) striking Cassidy's answer in whole or part, with a corresponding default entered; (iv) granting a motion for default judgment against Cassidy; and/or (v) awarding reasonable attorneys' fees and costs to Plaintiffs'. See Fed. R. Civ. P. 37(b); (d).

Dkt. 104 at 5-6.

      B.      Certification

Plaintiffs' counsel filed a certification pursuant to Fed. R. Civ. P. 37(d)(1)(B) that counsel had conferred extensively and in good faith with Cassidy to seek to have him respond to written discovery. Dkt. 107 at 2. The Certification states that deadlines were extended several times, that Cassidy promised to respond, but never did so. *Id.* Despite Plaintiffs' efforts to provide a means by which Cassidy could comply with his obligation to respond to their discovery, Cassidy failed to do so, and then later asserted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | Date | January 8, 2021 |
|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

that a worldwide bankruptcy stay issued in Singapore precluded any further cooperation. *Id.* at 3. Plaintiffs continued to attempt to confer with Cassidy before filing the Motion and Cassidy continued to fail to participate in responding to discovery. *Id.* at 4.

      C.    Notice

On May 11, 2020, Plaintiffs filed their Notice of Compliance. Dkt. 108. The Notice states that Plaintiffs complied with the requirements of the Deferral Order and elected not to seek attorney's fees. *Id.* at 4. The Notice states that Cassidy has not provided any response and did not comply with his obligations under the Deferral Order. *Id.*

**III.**    **Analysis**

      A.    Legal Standards

Fed. R. Civ. P. 37 provides that sanctions may be imposed against a party for failing to make certain necessary disclosures in discovery, cooperate in discovery or comply with court orders. Fed. Civ. P. 37(b) permits sanctions if "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." "The definition of 'order' in Rule 37(b) has been read broadly." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). "Violations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C)." *Id.* (quoting *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir. 1998)). "But Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse." *Unigard*, 982 F.2d at 368.

Fed. R. Civ. P. 37(d) provides a range of potential remedies. It authorizes the imposition of sanctions identified by Fed. R. Civ. P. 37(b)(2)(a) for failure to serve answers, objections, or written responses to interrogatories under Rule 33 or requests for documents under Rule 34. Fed. R. Civ. P. 37(d)(1)(B) requires that "a motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

If sanctions are imposed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), Fed. R. Civ. P. 37(b)(2)(C) requires that "[i]nstead of or in addition to the [sanctions identified by Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In addition to authority provided by Fed. R. Civ. P. 37, "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard*, 982 F.2d at 368.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06648 JAK (GJSx) | Date | January 8, 2021 |
|---|---|---|---|
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

"Sanction orders taking the plaintiff's allegations as established and awarding judgment on that basis are 'the most severe penalty,' and are authorized only in 'extreme circumstances.'" *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603, 603 n.5 (9th Cir. 1988)). "To justify the imposition of such a harsh sanction, the district court must find that the violations were 'due to willfulness, bad faith, or fault of the party.'" *Noble Metals*, 67 F.3d at 771 (quoting *Kahaluu Constr.*, 857 F.2d at 603). "A court must consider the following five factors before striking a pleading or declaring default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Dreith*, 648 F.3d at 788). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

    B.    Application

Cassidy has failed to comply with the Deferral Order and other discovery obligations. Cassidy was warned of the consequences of such conduct. Dkt. 104. Plaintiffs have filed a certification and shown a sufficient factual basis to support the imposition of sanctions based on Cassidy's repeated failure to respond to discovery and participate in this action. *See generally* Dkt. 104; Dkt. 107.

This action has been pending for more than three years and Cassidy has failed to participate in discovery or any other aspect of the proceedings. *See* Dkt. 1 (September 8, 2017). Striking a pleading and entering a default would serve the public interest in expediting the litigation, given the continued delay caused by Cassidy's conduct. It would also serve the interest of allowing the Court to control its docket and ensuring the efficient resolution of disputes. Striking a pleading and entering default would be prejudicial to Cassidy and not serve the public interest of having this action resolved on its merits. However, Cassidy has left the Court with no reasonable alternative. He has failed to comply with court orders. Other, less drastic sanctions are not at all likely to cause him to change his behavior and comply with court orders and his other obligations. Cassidy has exhibited the willfulness that justifies the imposition of this harsh sanction. *See Noble Metals*, 67 F.3d at 771. The Deferral Order provided Cassidy a final chance to comply with his discovery obligations. Once again, he failed to respond at all.

For these reasons, the following sanctions are necessary and appropriate. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), the matters within the scope of the discovery propounded on Cassidy seeking his position and evidence as to various issues, which are set forth in Exhibits D, E and F to the Declaration of Joel Athey (Dkt. 107-1), are deemed admitted in a manner that is adverse to him. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), the answer filed by Cassidy (Dkt. 59) is **STRICKEN**. Pursuant to Fed. R. Civ. P. 55(a), the clerk is directed to enter default against Cassidy. The request for entry of default judgment under Fed. R. Civ. P. 37(b)(2)(A)(vi) is **DENIED** without prejudice to the filing of such a motion on or before January 29, 2021.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06648 JAK (GJSx) | Date | January 8, 2021 |
| Title | James N.H. Seagrim et al v. Geoffery Owen Cassidy et al | | |

### IV.     Conclusion

For the reasons stated in this Order, the Motion is **GRANTED-IN-PART**. The answer of Cassidy (Dkt. 59) is **STRICKEN**. The clerk is directed to enter default against Cassidy. On or before January 29, 2021, Defendants shall file a motion for default judgment under Fed. R. Civ. P. 55(b)(2).

**IT IS SO ORDERED.**

                                                                                               :

                                                        Initials of Preparer      TJ